UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

BRANDON L. LEWIS, #321619

    Petitioner,

v.                                               2:09CV259

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

### I. STATEMENT OF THE CASE

#### A. Background

On February 27, 2006, in the Circuit Court of Nottoway County, Virginia, petitioner was convicted of three counts of attempted robbery and one count of burglary and was sentenced to twenty years imprisonment. Petitioner appealed to the Virginia Court of Appeals, but on December 29, 2006, the appeal was denied in part and dismissed in part by a single judge, and on April 25, 2007, the decision was upheld by a three-judge panel. Petitioner appealed to the Supreme Court of Virginia, but on October 24, 2007, the appeal was refused. Petitioner filed a petition for writ of habeas corpus in the Supreme Court of Virginia, but on May 11, 2009, the petition was dismissed.

On June 1, 2009, petitioner filed a petition for writ of habeas corpus in this Court, and on September 28, 2009, respondent filed

a motion to dismiss and Rule 5 answer. This matter is now ripe for consideration.

### B. Grounds Alleged

Petitioner alleges the following grounds:

1. Trial counsel was ineffective for failing to make a motion to strike the Commonwealth's evidence in order to preserve argument for appeal; and

2. Appellate counsel was ineffective for failing to file a transcript of a hearing held on December 21, 2005, thus, his claim of "vindictive prosecution" was not considered on appeal.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Motion to Dismiss Standard

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint is construed in the light most favorable to the plaintiffs and their allegations are taken as true. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989)(citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). The complaint should not be dismissed unless it appears to a certainty that the plaintiff can prove no facts in support of his claim which would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); GE Inv. Private Placement Partners II v. Parker, 247 F.3d 543, 548 (4th Cir. 2001); Martin Marietta Corp. v. Int'l Telecomms. Satellite Org., 991 F.2d 94, 97 (4th Cir. 1993). The courts must construe the complaint liberally in favor of the plaintiffs, even if recovery appears remote and unlikely. In ruling on a 12(b)(6) motion, the court primarily considers the allegations in the complaint but may consider attached exhibits and documents incorporated by reference. See Simons v. Montgomery County Police Officers, 762 F.2d 30, 31 (4th Cir. 1985); Wolford v. Budd Co., 149 F.R.D. 127, 129-32 (W.D. Va. 1993).

## B. Standard of Review for State Court Findings

The federal statute regarding review of state court actions provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(2000).

This standard, adopted by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, is consistent with the Fourth Circuit's interpretation of 28 U.S.C. § 2254(d) prior to the passage of the new law. In Fields v. Murray, 49 F.3d 1024 (4th Cir. 1995), the court held that a review of a state court finding, which is entitled to a presumption of correctness, compels the habeas court to accord a high measure of deference to the state court. See id. at 1032-33 (citing Rushen v. Spain, 464 U.S. 114, 120 (1983); Sumner v. Mata, 455 U.S. 591, 598 (1982)). As stated in Marshall v. Lonberger, 459 U.S. 422 (1983), "[t]his deference requires that a federal habeas court more than simply disagree with the state court before rejecting its factual determinations. Instead, it must conclude that the state court's findings lacked even 'fair [] support' in the record." Id. at 432.

### C. Petitioner's Claims are Exhausted and are Subject to Federal Review.

The exhaustion requirement dictates that a petitioner must first present his claims for relief to state courts before a petition for habeas corpus may be granted by the federal courts.

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> . . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)(1)-(c)(2000).

A claim raised in a federal petition for writ of habeas corpus must be the same claim as that presented in state proceedings. See Picard v. Connor, 404 U.S. 270, 275-76 (1971); Pitchess v. Davis, 421 U.S. 482, 487 (1975); Joseph v. Angelone, 184 F.3d 320, 325 (4th Cir. 1999); Beck v. Angelone, 113 F. Supp.2d 941, 960-61 (E.D. Va. 2000); see also Anderson v. Harless, 459 U.S. 4, 6 (1982); Duncan v. Henry, 513 U.S. 364, 365 (1995); Satcher v. Pruett, 126 F.3d 561, 573 (4th Cir. 1997). Respondent concedes, and the Court agrees, that petitioner's claims are exhausted.

**D. Petitioner did not receive ineffective assistance of counsel.**

The standards upon which claims of ineffective assistance of counsel are to be judged are relatively clear. They were established in Strickland v. Washington, 466 U.S. 668 (1984), and have been applied on numerous occasions by this Court. In Strickland, the Supreme Court approved as the proper standard for attorney performance that of "reasonably effective assistance." Id. at 687. The Court stated:

> The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.
>
> . . . .
>
> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

Id. at 686-87.

There are, therefore, two elements of the Strickland test, each of which must be met before the conduct of counsel can be found constitutionally defective. First, petitioner must show that he received deficient legal representation, measuring the competency of his counsel against what "an objectively reasonable attorney would have done under the circumstances existing at the time of the representation." Savino v. Murray, 82 F.3d 593, 599 (4th Cir. 1996). Petitioner must also show

actual prejudice; that is, he "must demonstrate that the error worked to his 'actual and substantial disadvantage,' not merely that the error created a 'possibility of prejudice.'" Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997)(quoting Murray v. Carrier, 477 U.S. 478, 494 (1986); Poyner v. Murray, 964 F.2d 1404, 1425 (4th Cir. 1992)).

The burden on petitioner is to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. That translates into a reasonable probability that "absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Id. at 695.

In analyzing trial counsel's performance under the "deficiency" prong of Strickland, a reviewing court is required to be highly deferential in scrutinizing counsel's tactics. See Bennett v. Angelone, 92 F.3d 1336, 1349 (4th Cir. 1996). Further, reviewing courts are admonished to "not permit the benefit of hindsight to impact . . . review." Bell v. Evatt, 72 F.3d 421, 429 (4th Cir. 1995)(citing Strickland, 466 U.S. at 689).

Petitioner alleges that trial counsel was ineffective for failing to make a motion to strike the Commonwealth's evidence in order to preserve the argument for appeal, (Claim 1). Specifically, petitioner alleges that trial counsel's failure to argue that the evidence was insufficient to support the charges, based upon discrepancies in a key witness's testimony, an unreliable identification of petitioner by a witness, and petitioner's strong alibi defense, prevented the Virginia Court of Appeals from considering the sufficiency of the evidence claim.

6

The Supreme Court of Virginia considered the claim on the merits and applied the Strickland test. Therefore, the Supreme Court of Virginia's decision was not contrary to clearly established federal law, as determined by the Supreme Court of the United States. The Supreme Court of Virginia held that petitioner failed to meet the "prejudice" prong of the Strickland test. The Virginia Supreme Court noted:

> The record, including the trial transcript, demonstrates that the victim identified petitioner as one of the robbers and that a co-defendant testified with regard to petitioner's involvement. Although petitioner provided an alibi defense, the jury's verdict effectively rejected the alibi . . . Furthermore, petitioner admits that he was identified at trial as one of the perpetrators, and consequently, any alleged unreliability in the witness' prior identification was overcome. Therefore, petitioner cannot demonstrate that he would have been successful on appeal had counsel preserved these issues.

Lewis v. Director, Rec. No. 082155, Va. S.Ct. Ord. at 2 (May 11, 2009).

The decision of the Supreme Court of Virginia did not rest on an unreasonable finding of facts, nor did it involve an unreasonable application of Strickland. Petitioner cannot show a reasonable probability that this challenge would have resulted in a successful appeal, because his argument does not challenge the legal sufficiency of the evidence but, instead, challenges the credibility of witnesses and the weight of their testimony. The Supreme Court of Virginia has held that the credibility of witnesses and the weight ascribed to their testimony are matters for the trier of fact. Commonwealth v. Jackson, 661 S.E.2d 810, 817 (Va. 2008); Juniper v. Commonwealth, 626 S.E.2d 383 (Va. 2006); Commonwealth v. Hudson, 578 S.E.2d 781 (Va. 2003). Therefore, even if petitioner had preserved the argument through appeal, there is not a reasonable probability that the result of the proceeding

7

would have been different. The claim is without merit and should be DISMISSED.

Petitioner alleges that appellate counsel was ineffective for failing to include a transcript of a hearing held on December 21, 2005, or a statement of facts relevant to petitioner's claim of vindictive prosecution, (Claim 2). The Supreme Court of Virginia considered the claim on the merits and applied the Strickland test. Therefore, the Supreme Court of Virginia's decision was not contrary to clearly established federal law, as determined by the Supreme Court of the United States.

The Supreme Court of Virginia held that petitioner failed to meet the "prejudice" prong of the Strickland test. The court noted:

> The record, including the December 21, 2005 transcript, reveals that petitioner had not been indicted for burglary at the time of the December 21, 2005 hearing . . . Trial counsel could not have moved to dismiss the burglary indictment at this hearing because such an indictment did not yet exist, and nothing in the record demonstrates that petitioner ever sought to quash the burglary indictment. Therefore, petitioner cannot demonstrate that including the December 21, 2005 transcript would have been relevant to the appellate court's determination of whether petitioner's burglary charge was brought as a result of vindictive prosecution. Thus, petitioner has failed to demonstrate that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Lewis, Va. S.Ct. Ord. at 3.

The decision of the Supreme Court of Virginia did not rest on an unreasonable finding of facts, nor did it involve an unreasonable application of Strickland. Petitioner cannot show a reasonable probability that the challenge would have resulted in a successful appeal, since no indictment for burglary existed at the time of the hearing on December 21, 2005. Therefore, the transcript of the hearing would not have been relevant to the appellate court's review of petitioner's vindictive prosecution argument. Absent a showing of relevance, petitioner is unable to prove a reasonable probability that the result of the proceeding would have been different. The claim is without merit and should be DISMISSED.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DISMISSED and respondent's motion to dismiss be GRANTED. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(d) of said rules. See 28 U.S.C. § 636(b)(1)(C)(2000); FED.R.CIV.P. 72(b). A party may respond to another party's objections within fourteen days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. See Thomas v. Arn, 474 U.S. 140

1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

                                                        /s/
                                       James E. Bradberry
                                     United States Magistrate Judge

**Norfolk, Virginia**

**December 8, 2009**

## Clerk's Mailing Certificate

A copy of the foregoing Report was mailed this date to each of the following:

Brandon L. Lewis, #321619, pro se
James River Correctional Center
State Farm, VA  23160

Alice T. Armstrong, Esq.
Assistant Attorney General of Virginia
900 E. Main Street
Richmond, VA  23219

Fernando Galindo, Clerk

By _____
            Deputy Clerk

_____12-8_____, 2009