UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



BRANDON L. LEWIS, #321619

    Petitioner,

v.      2:09CV259

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

    Respondent.

### FINAL ORDER

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition alleges violation of federal rights pertaining to petitioner's convictions on February 27, 2006, in the Circuit Court of Nottoway County, Virginia, for three counts of attempted robbery and one count of burglary. As a result of the convictions, petitioner was sentenced to serve twenty years in the Virginia penal system.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The Magistrate Judge filed his report recommending dismissal of the petition on December 8, 2009. By copy of the report, each party was advised of his right to file written objections to the findings and recommendations made by the Magistrate Judge. The Court received from petitioner on December 16, 2009, objections to the report.

The Court, having reviewed the record and examined the objections filed by the petitioner and having made de novo findings with

respect to the portions objected to, does hereby adopt and approve the findings and recommendations set forth in the Report of the United States Magistrate Judge. Therefore, it is ORDERED that the petition be DENIED and DISMISSED on the merits and that judgment be entered in respondent's favor.

To the extent that petitioner objects to the Magistrate Judge's findings and recommendations, the objections are without merit. Petitioner objects to the failure of the Supreme Court of Virginia to act on his assertion that he was subjected to "vindictive prosecution." Petitioner claims the prosecution was "vindictive" because an additional charge of "nighttime" burglary was added to his case after charges from a prior trial were remanded for reconsideration. However, petitioner's problem arises from the fact that at the time of his hearing on December 21, 2005, he had not been indicted for burglary. The mere fact that he was indicted thereafter lends no support to his claim.

Accepting, at face value, petitioner's claim that his counsel raised the issue of vindictive prosecution at trial and on appeal, the rejection of the claim by the Supreme Court of Virginia did not rest on an unreasonable finding of facts, nor did it involve an unreasonable application of the test in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). Prosecutors have discretion in deciding what charges to bring. If the facts support the crime with which a defendant is charged, the prosecution cannot be considered vindictive.

Petitioner may appeal from the judgment entered pursuant to this Final Order by filing a written notice of appeal with the Clerk of this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty days from the date of entry of such

judgment. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability. See <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (U.S. 2003).

The Clerk shall mail a copy of this Final Order to petitioner and to counsel of record for the respondent.

/s/
Raymond A. Jackson
United States District Judge

Norfolk, Virginia
January 14, 2010

3